IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNIVERSITY OF GEORGIA ATHLETIC ASSOCIATION, INC., | * |
| | * |
| Plaintiff/Petitioner, | * |
| vs. | * |
| | *   CASE NO. 3:05-CV-94(CDL) |
| FIREMAN'S FUND INSURANCE COMPANY, | * |
| Defendant/Respondent, | * |
| and | * |
| HOKE S. WILDER and DECORY BRYANT, Necessary Parties. | * |
| | * |

O R D E R

Presently pending before the Court is Plaintiff University of Georgia Athletic Association, Inc.'s ("UGAA") Motion to Remand (Doc. 4). Also before the Court is Defendant Fireman's Fund Insurance Company's ("FFIC") Motion to Dismiss (Doc. 8). For the reasons set forth below, UGAA's Motion to Remand (Doc. 4) is granted. Accordingly, the Court will take no action on the pending Motion to Dismiss.

BACKGROUND ALLEGATIONS

This case is an insurance coverage dispute. Decory Bryant sued UGAA and Hoke S. Wilder in the Superior Court of Athens-Clarke County, Georgia, alleging that UGAA and Wilder are liable for failing to obtain a $500,000 exceptional student-athlete disability insurance policy for him. In that pending state court action, Bryant contends that had the policy been in effect, it would have provided coverage for the injuries Bryant suffered while playing football for the

University of Georgia.  In the instant action, UGAA seeks a declaratory judgment that insurance coverage exists from FFIC, its errors and omissions insurer, for Bryant's claims.  UGAA originally filed this declaratory judgment action in the Superior Court of Athens-Clarke County, Georgia, and FFIC removed the action to this Court.  UGAA now seeks to have the case remanded to the state court, and FFIC seeks to have UGAA's declaratory judgment petition dismissed.

## DISCUSSION

UGAA filed this declaratory judgment action in the Superior Court of Athens-Clarke County.  FFIC removed the case pursuant to 28 U.S.C. § 1446.  Jurisdiction is based upon diversity of citizenship. *See* 28 U.S.C. § 1332(a).  UGAA contends that the Court should decline to hear the matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.[1]  The Court agrees.  District courts have broad

---

[1] UGAA also suggests that there is not complete diversity of citizenship and that subject matter jurisdiction does not exist on this basis.  The Court disagrees.  A defendant may remove an action to federal court on the basis of diversity of citizenship "if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005); *accord* 28 U.S.C. § 1441(b).  The question here is where to align Wilder and Bryant, both Georgia citizens, according to their sides in the "primary and controlling matter in the dispute." *See City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941); *see also Eikel v. States Marine Lines, Inc.*, 473 F.2d 959, 963 & n.3 (5th Cir. 1973). The sole issue in this case is whether the insurance policy issued by FFIC to UGAA covers the claims Bryant asserted in the pending state court action.  UGAA takes the position (and seeks a judicial determination) that there is coverage under the policy for Bryant's claims.  FFIC takes the position that there is no coverage under the policy for Bryant's claims.  The Court finds that both Bryant, the tort claimant, and Wilder, an alleged agent of UGAA, are properly aligned with UGAA because both have an interest in a finding that the insurance policy covers the claims at issue.  Therefore, the presence of Bryant and Wilder does not destroy jurisdiction based on diversity of citizenship.

discretion in determining whether to entertain an action under the Declaratory Judgment Act—"even when the suit otherwise satisfies subject matter jurisdiction prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995). As discussed *infra*, under certain circumstances, district courts may dismiss a federal declaratory judgment action in favor of a parallel pending state proceeding. *See id.* The Court construes this principle to allow a district court to remand a removed diversity action based on the discretionary right to decline jurisdiction. *Cf.* 28 U.S.C. § 1447(c) (providing that a removed case shall be remanded if it appears that the district court lacks subject matter jurisdiction).

The Supreme Court and the Eleventh Circuit have defined a set of guidelines governing a district court's decision to decline jurisdiction under the Declaratory Judgment Act. In general, where there is a related pending state court proceeding, the district court should "examine 'the scope of the pending state court proceeding and the nature of defenses open there,'" considering "'whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.'" *Wilton*, 515 U.S. at 283 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). "[W]here another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference' if it permitted the federal declaratory action to proceed." *Id.* (quoting *Brillhart*, 316 U.S. at 495). The Eleventh Circuit has identified a list of factors to guide the district courts in determining whether to decline to exercise

3

jurisdiction:

>   (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
>   (2) whether the judgment in the federal declaratory action would settle the controversy;
>
>   (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
>   (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;
>
>   (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
>   (6) whether there is an alternative remedy that is better or more effective;
>
>   (7) whether the underlying factual issues are important to an informed resolution of the case;
>
>   (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
>   (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005) (noting that this list merely contains guideposts—it is not absolute, and no one factor is controlling).

Here, there is not an identical declaratory judgment action presently pending in state court because that state action has been removed to this Court. If Plaintiff's Motion to Remand is granted, then the same exact declaratory judgment action now pending in this Court will necessarily be pending in state court. The question then becomes whether this Court has the authority to decline jurisdiction under the Declaratory Judgment Act and *remand* a declaratory judgment

4

action using the same guidelines suggested by the Eleventh Circuit for evaluating whether a federal declaratory judgment action should be *dismissed* in favor of a related pending state court action.  The Court finds that the rationale underlying the Eleventh Circuit's guidelines applies with equal force to the remand of a removed state court declaratory judgment action.  The Court can discern no reason for treating a motion to remand a removed action to state court differently from a motion to dismiss a federal declaratory judgment action in favor of a pending state court action.

Applying the guidelines recognized in this Circuit, the Court finds that this action should be remanded.  This action involves FFIC's obligation to provide a defense and indemnification to UGAA in the underlying damages action.  The principal issue to be decided here is whether policy exclusions bar coverage, an issue governed exclusively by Georgia law.  A remand would place questions of Georgia law before the Georgia court, which is where they should be decided absent some compelling reason to decide them in a federal forum.  Although not dispositive of the issue, the Court does note that the underlying damages action for which insurance coverage is being questioned in the declaratory judgment action is presently pending in the same state court to which this action would be remanded. Moreover, the coverage issue presented in the declaratory judgment action is inextricably intertwined with the claims being asserted in that underlying damages action because UGAA may be entitled to immunity under Georgia law if Bryant's claims are not covered by the FFIC policy.  A remand of this case would therefore increase the likelihood that a consistent result based upon Georgia law would be reached in both related cases.  Finally, the Court finds

that the Georgia state courts can adequately resolve this insurance coverage dispute.  No contention has been made that the Georgia courts cannot or will not effectively determine and protect the rights of the parties in this case.  Based upon all of these factors, the Court finds that compelling reasons exist to have the coverage question decided by the state court.  On the other hand, the Court is unpersuaded that any  compelling federal interest would be served by retaining federal jurisdiction.

For all of these reasons, the Court declines jurisdiction under the Declaratory Judgment Act and remands this case to the Superior Court of Athens-Clarke County, Georgia.

IT IS SO ORDERED, this 13th day of June, 2006.

                                      S/Clay D. Land
                                        CLAY D. LAND
                           UNITED STATES DISTRICT JUDGE